## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LHF PRODUCTIONS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>ALEJANDRA GONZALES, ET AL.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:17-cv-00103-DN<br><br>District Judge David Nuffer |

Plaintiff LHF Productions, Inc. seeks entry of default judgment, a permanent injunction, and an award of attorney's fees against Defendant Amanda Steel.[1] Specifically, Plaintiff seeks an award of $10,000 in statutory damages against Defendant; a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright in the motion picture *London Has Fallen*; and an award of costs and attorney's fees.[2]

Plaintiff is entitled to entry of a default judgment against Defendant, which includes an award of statutory damages against Defendant and a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees. But because an award of $750 in statutory damages

---

[1] Plaintiff's Motion for Default Judgment, Permanent Injunction and Attorney's Fees as to Certain Defendants ("Motion"), docket no. 96, filed June 29, 2020. Plaintiff's Motion also sought entry of default judgment against Defendant Robbin Clark. *Id.* at 1. However, Plaintiff later withdrew the Motion as to Robbin Clark and voluntarily dismissed its claims against Robbin Clark. Notice of Withdrawal of Motion for Default Judgment as to Robbin Clark, docket no. 97, filed Aug. 13, 2020; Notice of Voluntary Dismissal of Parties With Prejudice Pursuant to FRCP 41(a)(1) as to Certain Defendants, docket no. 98, filed Aug. 13, 2020.

[2] Motion at 2.

against Defendant is just under the circumstances, rather than the $10,000 requested, Plaintiff's

Motion[3] is GRANTED in part and DENIED in part.

**Contents**

DISCUSSION ................................................................................................................. 2
    Plaintiff is entitled to entry of default judgment against Defendant.................................. 2
    An award of the $750 statutory minimum in damages against Defendant is just under the
        circumstances ................................................................................................... 4
        The cases cited by Plaintiff lack meaningful analysis and vary widely in the
            amounts of statutory damages awarded against defaulted defendants ....... 5
        Numerous other cases from 2012 through 2017 lack meaningful analysis and vary
            widely in the amount of statutory damages awarded against defaulted
            defendants ................................................................................................ 9
        Six relevant factors for consideration and a nationwide trend in the just amount of
            statutory damages to award against defaulted defendants have emerged. 14
        Application of the relevant factors to the circumstances of this case demonstrates
            that an award of the $750 statutory minimum in damages against
            Defendant is just ................................................................................... 20
ORDER ...................................................................................................................... 26

## DISCUSSION

### Plaintiff is entitled to entry of default judgment against Defendant

Default judgment is appropriate "when a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise[.]"[4] Plaintiff has met this burden.

Defendant was served[5] with Plaintiff's Complaint;[6] failed to timely appear and respond;

and the Clerk has entered the default of Defendant.[7] Additionally, the factual allegations of

---

[3] Docket no. 96, filed June 29, 2020.

[4] FED. R. CIV. P. 55(a).

[5] Proof of Service Declaration of Todd E. Zenger, docket no. 90, filed June 2, 2020.

[6] Amended Complaint for Copyright Infringement and Jury Demand ("Complaint"), docket no. 85, filed Dec. 16, 2019.

[7] Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants, docket no. 93, filed June 9, 2020.

Plaintiff's Complaint, which are deemed admitted,[8] demonstrate that Defendant is liable for willfully infringing[9] Plaintiff's copyright in the motion picture *London Has Fallen* through use of BitTorrent protocols over the Internet.

BitTorrent protocols are a type of peer-to-peer network that allows file-sharing over the Internet.[10] The initial file-provider, "seeder," intentionally elects to share a file with the BitTorrent network.[11] As additional peers request the same seed file, each additional peer user becomes a part of the network from where a copy of the seed file can be downloaded.[12] The BitTorrent protocols break the seed file into multiple pieces with each peer receiving a different piece of the seed file from peer users who have already downloaded that piece or all pieces of the seed file that together comprise the whole.[13] This system, with multiple pieces of the seed file coming from multiple peer members, is commonly referred to as a "swarm."[14] The effect makes every downloading peer also an uploading peer of the seed file or pieces of the seed file.[15] Thus, every peer user who has obtained a copy of the seed file in the network can also be a source of downloading and further distributing the file.[16] And as more peers join the swarm, the availability of successful downloads of the pieces of the seed file increases.[17]

---

[8] *Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016).

[9] 17 U.S.C. §§ 411(a), 501; *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177-1180 (10th Cir. 2009).

[10] Complaint ¶ 15.

[11] *Id*. ¶ 16.

[12] *Id*.

[13] *Id*. ¶ 17.

[14] *Id*.

[15] *Id*. ¶ 18.

[16] *Id*.

[17] *Id*. ¶ 19.

Defendant participated in a BitTorrent swarm involving the unauthorized copying and sharing of Plaintiff's motion picture.[18]

Therefore, Plaintiff is entitled to entry of default judgment against Defendant. Consistent with the Copyright Act and Plaintiff's election of remedies,[19] the default judgment shall include an award of statutory damages[20] against Defendant and a permanent injunction[21] enjoining Defendant from directly or indirectly infringing Plaintiff's copyright. Plaintiff is also entitled under the Copyright Act to an award of its costs and reasonable attorney's fees.[22]

The only remaining issue on Plaintiff's Motion is the just amount of statutory damages to award to Plaintiff against Defendant.

### An award of the $750 statutory minimum in damages against Defendant is just under the circumstances

Under the Copyright Act, "[t]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just."[23] And when the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."[24] By the Copyright Act's express and plain language, the district court has broad discretion in determining the just amount to award a plaintiff in statutory damages.[25]

---

[18] *Id*. ¶¶ 4, 15-20, 26, 28-29, 42-46.

[19] Motion at 2.

[20] 17 U.S.C. § 504(c).

[21] *Id*. § 502(a).

[22] *Id*. § 505.

[23] *Id*. § 504(c)(1).

[24] *Id*. § 504(c)(2).

[25] *Id*. § 504(c).

Plaintiff seeks an award of $10,000 in statutory damages against Defendant.[26] Plaintiff argues $10,000 is a just amount because the infringement was willful; the amount sought is less than seven percent of the maximum amount permitted by the Copyright Act; and the amount sought is sufficiently high to deter future infringement.[27] To support its argument, Plaintiff cites authority from other jurisdictions to show that the requested $10,000 award is consistent with the awards granted in other jurisdictions.[28] Plaintiff's cited cases are, however, not persuasive.

**The cases cited by Plaintiff lack meaningful analysis and vary widely in the amounts of statutory damages awarded against defaulted defendants**

Plaintiff cites five cases to support its argument that an award of $10,000 in statutory damages is appropriate against Defendant.[29] These cases exemplify the limited analysis and disparity in awards that existed in many infringement cases involving use of BitTorrent protocols from 2012 through 2017. In October 2012, in *Flava Works, Inc. v. Fisher*,[30] District Judge John Z. Lee from the Northern District of Illinois awarded $1,500,000 in statutory damages for a defendant's 3,449 acts of willful infringement of ten movies.[31] The award equates to $150,000 per work (the statutory maximum), and was the amount requested by the plaintiff.[32] While Judge Lee held a hearing on the issue of damages,[33] no written findings and conclusions were entered regarding the award beyond reference to the plaintiff's allegations and the defendant's default.[34]

---

[26] Motion at 2, 7.

[27] *Id.* at 7-10.

[28] *Id.* at 8.

[29] *Id.*

[30] No. 1:12-cv-01888 (N.D. Ill.).

[31] Judgment in a Civil Case, ECF No. 22 in *Flava Works, Inc.*, filed Oct. 30, 2012.

[32] Plaintiff's Memorandum in Support of Damages ¶¶ 24-25, ECF No. 15 in *Flava Works, Inc.*, filed Aug. 19, 2012; Plaintiff's Supplemental Memorandum in Support of Damages at 11-12, ECF No. 18 in *Flava Works, Inc.*, filed Sept. 27, 2012.

[33] Notification of Docket Entry, ECF No. 20 in *Flava Works, Inc.*, filed Oct. 30, 2012.

[34] Order, ECF No. 21 in *Flava Works, Inc.*, filed Oct. 30, 2012.

In the same District approximately two years later, in *The Bicycle Peddler, LLC v. Kovatchev*,[35] District Judge John W. Darrah awarded $10,000 in statutory damages for a defendant's willful infringement of a single movie.[36] This was the amount requested by the plaintiff on the basis of the defendant's "willful infringement and the legislative intent behind the Digital Theft Deterrence Act of 1999."[37] Like Judge Lee in *Flava Works, Inc.*, Judge Darrah held a hearing on the issue of damages,[38] but entered no written findings or conclusions regarding how the amount of the award was determined to be just.

In November 2013, in *Malibu Media, LLC v. Julien*, Judge Tanya Walton Pratt from the Southern District of Indiana awarded $51,750 in statutory damages for a defendant's willful infringement of 23 movies.[39] The award equates to $2,250 per work, and was the amount requested by the plaintiff.[40] Judge Pratt summarily adopted a Report and Recommendation by Magistrate Judge Mark J. Dinsmore which contained minimal analysis regarding the award.[41] The defendant's default was used to determine that the defendant's use of BitTorrent protocols "enabled countless unknown others to obtain the [movies]."[42] The defendant's willfulness was also based on the plaintiff's allegations and the defendant's default.[43] And the award was

---

[35] No. 1:13-cv-07012 (N.D. Ill.).

[36] Order, ECF No. 35 in *The Bicycle Peddler, LLC*, filed Dec. 9, 2014.

[37] Memorandum in Support of Plaintiff's Motion for Default Judgment and Damages Against Defendant Plamen Kovatchev at 3, ECF No. 25 in *The Bicycle Peddler, LLC*, filed Sept. 17, 2014.

[38] Order, ECF No. 26 in *The Bicycle Peddler, LLC*, filed Oct. 1, 2014.

[39] No. 1:12-cv-01730-TWP-MJD, 2013 WL 6178926 (S.D. Ind. Nov. 25, 2013).

[40] *Id*. *1.

[41] *Id*.

[42] *Id*.

[43] *Id*.

determined to be "just in light of Congress's recognition of the 'disturbing trend' of internet piracy."[44]

In June 2016, in *Cobbler Nevada, LLC v. Woodward*[45] and *Cobbler Nevada, LLC v. Jokic*,[46] District Judge Virginia M. Hernandez Covington and Magistrate Judge Thomas B. McCoun III from the Middle District of Florida awarded $15,000 in statutory damages against defendants for their willful infringement of a single movie.[47] The Judges rejected the plaintiff's request for an award of the statutory maximum ($150,000) after weighing the follow factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular record from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.[48]

The plaintiff presented no evidence in either case regarding savings or profits of the defendant (factor 1), the plaintiff's losses (factor 2), or the value of the copyright (factor 3).[49] Judge Hernandez Covington treated these factors as meriting no consideration.[50] However, Judge McCoun viewed the lack of evidence as weighing against an award of the statutory maximum.[51] Additionally, neither Judge gave any weight to whether the defendant cooperated in providing evidence (factor 6) because the defendants had defaulted.[52] The Judges instead used the

---

[44] *Id.*

[45] No. 8:15-cv-2652-T-33 AEP (M.D. Fla.)

[46] No. 8:15-cv-2653-T-27 TBM, 2016 WL 3511765 (M.D. Fla. June 1, 2016).

[47] Default Judgment in a Civil Case, ECF No. 25 in *Woodward*, filed June 7, 2016. *Jokic*, 2016 WL 3511765, *5-6. District Judge James D. Whittemore adopted Judge McCoun's findings, conclusions, and recommendation without further analysis. Order, ECF No. 19 in *Jokic*, filed June 22, 2016.

[48] Order ("*Woodward* Order") at 12, ECF No. 24 in *Woodward*, filed June 3, 2016; *Jokic*, 2016 WL 3511765, *5.

[49] *Woodward* Order at 12; *Jokic*, 2016 WL 3511765, *5.

[50] *Woodward* Order at 12.

[51] *Jokic*, 2016 WL 3511765, *5.

[52] *Id.*; *Woodward* Order at 12.

defendants' willfulness (factor 5) and the deterrent effect of the award (factors 4 and 7) as the guiding factors to justify the $15,000 awards.[53]

In further explaining the rationale for the award, Judge McCoun recognized that "statutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered."[54] Judge McCoun determined that "$15,000 in statutory damages strikes an appropriate balance between compensating Plaintiff for its lost profits [, despite there being no evidence of losses,] without providing it a windfall and deterring Defendant and others from further willful infringement activity."[55] But in doing so, Judge McCoun acknowledged that in other similar cases in the Middle District of Florida which applied the same factors, awards of $6,000 and $25,000 were determined to be just.[56]

The cases Plaintiff cites were issued by courts that were willing to give deference to the amount of statutory damages the plaintiff requested despite a lack of evidence, so long as that request was not for the statutory maximum for a single work. This is likely due to the plaintiffs' requests being unchallenged by the defaulted defendants and the lack of meaningful analysis in precedent. But even when precedent provided factors for the courts to weigh and consider, only cursory analysis was given; the factors were not consistently applied; and wide variance in the awards still existed. These cases are not persuasive. They lack meaningful analysis and vary widely in the amounts of statutory damages awarded against defaulted defendants.

---

[53] *Woodward* Order at 12-13; *Jokic*, 2016 WL 3511765, *5.

[54] *Jokic*, 2016 WL 3511765, *5 (quoting *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008)).

[55] *Id*.

[56] *Id*. at n.5 (citing *TCYK, LLC v. Martin*, No. 8:14-cv-87-T-27TBM, 2014 WL 6978149, *2 (M.D. Fla. Dec. 9, 2014); *Bait Prods. Pty. Ltd. v. Murray*, No. 8:13-cv-0169-T-33AEP, 2013 WL 4506408, *7 (M.D. Fla. Aug. 23, 2013)).

**Numerous other cases from 2012 through 2017 lack meaningful analysis and vary widely in the amount of statutory damages awarded against defaulted defendants**

Similar to the cases cited by Plaintiff, numerous other cases from the same time frame (2012 through 2017) show deference to plaintiffs' requested awards, a lack of meaningful analysis, and disparity in the amount of statutory damages awarded against defaulted defendants. These cases are likewise not persuasive.

In July 2013, in *Malibu Media, LLC v. Johnson*, District Judge William T. Lawrence from the Southern District of Indiana awarded $20,000 in statutory damages against a defendant for the willful infringement of a single movie.[57] This was the amount requested by the plaintiff, which Judge Lawrence found just "by virtue of [the] entry of default . . . [and] in light of Congress's recognition of the 'disturbing trend' of internet piracy."[58] No other analysis for the award was provided.

In September 2013, in *Malibu Media, LLC v. Babb*, Senior District Judge Wiley Y. Daniel adopted a report and recommendation from Magistrate Judge Michael E. Hegarty which began a practice in the District of Colorado of awarding statutory damages in the amount of $2,250 per infringement.[59] This was the amount requested by the plaintiff,[60] and was found to be the amount that "courts across the country have typically awarded on average in cases of this type."[61] However, the *Babb* decision does not cite the authorities from which the average was derived; does not explain why taking the average of the typical awards granted by other courts (as opposed to the median, mode, or some other method) was an appropriate measure of

---

[57] No. 1:12-cv-1117-WTL-MJD, 2013 WL 3895265 (S.D. Ind. July 29, 2013).

[58] *Id*. *1.

[59] No. 13-cv-00320-WYD-MEH, 2013 WL 5387435 (D. Colo. Sept. 26, 2013).

[60] *Id*. *9.

[61] *Id*. *10.

damages; and does not discuss what considerations or factors caused the amount to be just.[62]

Nevertheless, between 2013 and 2016, the Judges used the same analysis to award statutory

damages of $2,250 per infringement against at least 23 other defendants in District of Colorado

cases.[63]

In a series of cases in 2014 and 2015, Magistrate Judge Norah McCann King from the

Southern District of Ohio entered nearly identical reports and recommendations which awarded

$6,000 in statutory damages per work, despite the plaintiffs' requests for the statutory

maximum.[64] These decisions recognized precedent identifying four factors for consideration:

> (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2)
> [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement;

---

[62] *Id*.

[63] *Malibu Media, LLC v. Corenman*, No. 13-cv-00643-00643-WYD-MEH, 2013 WL 5663134 (D. Colo. Oct. 16, 2013); *Malibu Media, LLC v. Seung Ha*, No. 13-cv-00743-WYD-MEH, 2013 WL 6080482 (D. Colo. Nov. 18, 2013); *Malibu Media, LLC v. Kornmeyer*, No. 13-cv-01001-WYD-MEH, 2013 WL 6085129 (D. Colo. Nov. 18, 2013); *Malibu Media, LLC v. Keighobady*, No. 13-cv-00740-WYD-MEH, 2013 WL 6670552 (D. Colo. Dec. 18, 2013); *Malibu Media, LLC v. Goodrich*, No. 12-cv-01394-WYD-MEH, 2013 WL 6670236 (D. Colo. Dec. 18, 2013); *Purzel Video GmbH v. St. Pierre*, No. 13-cv-01171-WYD-MEH, 2014 WL 47377 (D. Colo. Jan. 6, 2014); *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140 (D. Colo. 2014); *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127 (D. Colo. 2014); *Killer Joe Nevada, LLC v. Radeljan*, No. 13-cv-01309-WYD-MEH, 2014 WL 1613304 (D. Colo. Apr. 22, 2014); *Purzel Video GmbH v. Biby*, No. 13-cv-01172-WYD-MEH, 2014 WL 2021846 (D. Colo. May 16, 2014); *Purzel Video GmbH v. Blackwelder*, No. 13-cv-02078-WYD-MEH, 2014 WL 2050839 (D. Colo. May 16, 2014); *Purzel Video GmbH v. Ramsey*, No. 13-cv-02079-WYD-MEH, 2014 WL 2050614 (D. Colo. May 16, 2014); *Purzel Video GmbH v. Smoak*, 70 F. Supp. 3d 1222 (D. Colo. 2014); *Malibu Media, LLC v. Romer*, No. 13-cv-03190-WYD-MEH, 2014 WL 5900402 (D. Colo. Nov. 13, 2014); *Malibu Media, LLC v. Kyung Min*, No. 14-cv-01222-WYD-MEH, 2015 WL 435461 (D. Colo. Feb. 2, 2015); *Malibu Media, LLC v. Davis*, No. 14-cv-00179-WYD-MEH, 2015 WL 435146 (D. Colo. Feb. 2, 2015); *Malibu Media, LLC v. Ling*, 80 F. Supp. 3d 1231 (D. Colo. 2015); *Dallas Buyers Club, LLC v. Eldridge*, No. 14-cv-01629-WYD-MEH, 2015 WL 783583 (D. Colo. Feb. 24, 2015); *Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025 (D. Colo. 2015); *Malibu Media, LLC v. Abo-Alhol*, No. 14-cv-00256-WYD-MEH, 2015 WL 3396584 (D. Colo. May 26, 2015); *Dallas Buyers Club, LLC v. Stuart*, No. 14-cv-02424-WYD-MEH, 2015 WL 13730686 (D. Colo. June 4, 2015); *Dallas Buyers Club, LLC v. Bowens*, No. 15-cv-00010-WYD-MEH, 2015 WL 13215656 (D. Colo. Oct. 9, 2015); *Dallas Buyers Club, LLC v. Hudson*, No. 15-cv-00598-WYD-MEH, 2016 WL 320918 (D. Colo. Jan. 5, 2016).

[64] *Power of Few, LLC v. Does 1-11*, No. 2:13-cv-839, 2014 WL 5025671 (S.D. Ohio Oct. 8, 2014); *Riding Films, Inc. v. John Does 1-65*, No. 2:13-cv-44, 2015 WL 127898 (S.D. Ohio Jan. 8, 2015); *Riding Films, Inc. v. John Does 129-193*, No. 2:13-cv-46, 2015 WL 127912 (S.D. Ohio Jan. 8, 2015); *TCYK, LLC v. John Does 1-47*, No. 2:13-cv-539, 2015 WL 127916 (S.D. Ohio Jan. 8, 2015); *TCYK, LLC v. John Does 48-98*, No. 2:13-cv-540, 2015 WL 127922 (S.D. Ohio Jan 8, 2015); *Breaking Glass Pictures v. Does 1-32*, No. 2:13-cv-849, 2015 WL 350615 (S.D. Ohio Jan 26, 2015).

and (4) deterring future violations by [d]efendants and similarly situated entities.[65]

However, these factors were not applied. The decisions infer defendants' willfulness from the plaintiffs' allegations, but acknowledge there was no evidence that the defendants were the original providers or seeders of the plaintiffs' works.[66] The decisions also acknowledge there was no evidence of the defendants' profit (other than the amount saved by illegally downloading the movie) or the plaintiffs' losses.[67] Instead of weighing these factors, the Judge based the awards on a review of awards granted in other cases, which "reveal[ed] that a total award closer to $6,000 would adequately deter future infringement."[68] The cases cited in the decisions discussed awards ranging from the $750 statutory minimum to $6,500, the majority of which granted awards of less than $6,000 per work.[69] Nevertheless, the decisions concluded that "an award of $6,000 in statutory damages will properly account for defendant[s'] gain, plaintiff[s'] loss, and the public's interest in deterring future violations."[70]

In the same District that same year, Magistrate Judge Terence P. Kemp provided a substantively similar analysis in two reports and recommendations, but reached a different result.[71] Judge Kemp's review of the awards granted in a different set of cases revealed that "an

---

[65] *Power of Few, LLC*, 2014 WL 5025671, * 2 (quoting *Broad. Music, Inc v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, *4 (S.D. Ohio Oct. 9, 2012)).

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* The decisions were also relied on by District Judge Edmund A. Sargus, Jr. to grant an award of $6,000 in statutory damages without further analysis. *Killer Joe Nevada, LLC v. Does 1-15*, No. 2:13-cv-848, 2015 WL 1236766, *2 (S.D. Ohio Mar. 17, 2015).

[71] *Malibu Media, LLC v. Griggs*, No. 2:14-cv-558, 2015 WL 3822846 (S.D. Ohio June 19, 2015); *Malibu Media, LLC v. Caswell*, No. 2:14-cv-837, 2015 WL 3822904 (S.D. Ohio June 19, 2015).

award of $750 to $2,250 per infringement would adequately deter future infringement."[72] And Judge Kemp concluded that "an award of $750 per work will properly account for [defendant's] gain, [plaintiff's] loss, and the public's interest in deterring future violations."[73]

In April and May 2017, in *LHF Productions, Inc. v. Grubb*[74] and *LHF Productions, Inc. v. Unknown Parties*,[75] District Judge Douglas Rayes from the District of Arizona awarded $15,000 in statutory damages against defendants for their willful infringement (copying and distribution) of a single movie. This was the amount requested by the plaintiff, which Judge Rayes determined "reasonable given [d]efendant[s'] misconduct and the harm caused to [the plaintiff] and the film industry by movie piracy."[76] Judge Rayes noted that the amount was "only ten percent" of the statutory maximum.[77] No other analysis regarding the amount was provided. And the only citation to legal authority for the award was to a District of Arizona case in which Senior District Judge Susan R. Bolton granted, without analysis, the plaintiff's request for $15,000 in statutory damages for the willful infringement of a single movie.[78]

In October 2017, in *Dallas Buyers Club, LLC v. Doe -174.64.14.54*, District Judge Brian A. Jackson from the Middle District of Louisiana awarded $15,000 statutory damages for a defendant's willful distribution of two movies more than 250 times over several days.[79] The award equates to approximately $7,500 per work, and was the amount requested by the

---

[72] *Griggs*, 2015 WL 3822846, *2.

[73] *Id.*

[74] No. CV-16-02644-PHX-DLR, 2017 WL 1282800, *2 (D. Ariz. Apr. 6, 2017).

[75] No. CV-16-01199-PHX-DLR, 2017 WL 1650212, *2 (D. Ariz. May 2, 2017).

[76] *Id.*; *Grubb*, 2017 WL 1282800, *2.

[77] *Grubb*, 2017 WL 1282800, *2; *Unknown Parties*, 2017 WL 1650212, *2.

[78] Final Default Judgment, ECF No. 38 in *LHF Productions, Inc. v. Unknown Parties*, No. 2:16-cv-01196-SRB (D. Ariz.), filed Dec. 13, 2016.

[79] No 16-00112-BAJ-EWD, 2017 WL 4682720 (M.D. La. Oct. 18, 2017).

plaintiff.[80] Judge Jackson found that the award was reasonable based on the plaintiff's

allegations and the number of times Defendant distributed the copyrighted works.[81] The only

citation to legal authority was to an Eastern District of Louisiana case in which District Judge

Ivan L. R. Lemelle granted the plaintiff's request for $15,000 in statutory damages for the

defendant's willful infringement of a single movie.[82] The only analysis provided by Judge

Lemelle in that case was that the amount was "proper and reasonable . . . to compensate plaintiff

and to provide notice and to act as a deterrent to others."[83]

In December 2017, in *ME2 Productions, Inc. v. A&M Limo*, District Judge Mark H.

Cohen from the Northern District of Georgia awarded $6,000 in statutory damages for a

defendant's willful infringement of a single movie.[84] This was the amount requested by the

plaintiff.[85] Judge Cohen noted the lack of "any evidence of actual damages suffered—lost

profits, or the value of the copyright of the [m]ovie."[86] But nevertheless Judge Cohen determined

that the award was "sufficient to compensate [the p]laintiff for its lost profits and deter [the

d]efendant from further infringing activity."[87] To support this conclusion, Judge Cohen cited a

case from the Middle District of Florida for the proposition that "[n]umerous courts, under

similar circumstances have found damages of $6,000.00 to be appropriate in the absence of

---

[80] *Id.* *2.

[81] *Id.*

[82] Default Judgment, ECF No. 32 in *QOTD Film Inv. Ltd. v. Doe-104.57.244.173*, No. 2:16-cv-02803-ILRL-MBN (E.D. La.), filed Mar. 9, 2017.

[83] *Id.* at 2.

[84] No. 1:16-cv-4207-MHC, 2017 WL 8185865 (N.D. Ga. Dec. 12, 2017).

[85] *Id.* *3.

[86] *Id.*

[87] *Id.*

actual damages suffered."[88] That case however surveyed only the awards granted in cases from the Middle District of Florida, and include a case in which $25,000 in statutory damages was awarded for similar conduct.[89]

These cases, like those cited by Plaintiff, are largely unhelpful in determining the just amount of statutory damages to award Plaintiff in this case. Given the lack of meaningful analysis and disparity in awards, the common theme to draw from these cases is deference to a plaintiff's requested award (despite a lack of evidence), so long as the request was not for the statutory maximum for a single work. Such deference is not an appropriate measure for determining a just amount of statutory damages to award against a defaulted defendant.

However, these cases do show that even in the absence of meaningful analysis that is capable of being applied consistently, the vast majority of courts awarded substantially less in statutory damages than the $10,000 per work award that Plaintiff requests in this case. These cases also highlight a need for the development of factors that can be consistently applied to aid in making a just statutory damages determination. Fortunately, other courts have developed such factors and a nationwide trend in the just amount of statutory damages to award against defaulted defendants has emerged.

**Six relevant factors for consideration and a nationwide trend in the just amount of statutory damages to award against defaulted defendants have emerged**

While some courts deferred to plaintiffs' requested amounts in awarding statutory damages without providing meaningful analysis, other courts began developing and applying factors which lead to greater consistency in statutory damages awards against defaulted

---

[88] *Id.* (citing *Countryman Nevada, LLC v. Adams*, No. 6:14-cv-491-ORL, 2015 WL 574395, *7 (M.D. Fla. Feb. 11, 2015)).

[89] *Adams*, 2015 WL 574395, *7.

defendants. These courts also appropriately placed the burden of justifying a requested award of statutory damages on the plaintiff.

In October 2014, in *Malibu Media, LLC v. Cui*, District Judge Gene E. K. Pratter from the Eastern District of Pennsylvania rejected the plaintiff's request for $2,250 in statutory damages per work, and instead awarded the $750 statutory minimum per work.[90] Judge Pratter acknowledged that the plaintiff alleged the defendant willfully infringed the copyrighted work, but also recognized that the plaintiff provided "very little factual detail regarding [the defendant's] intentions and personal actions."[91] There was no evidence that the defendant was the original BitTorrent "seeder" who made the plaintiff's works available to others and no evidence of how many others the defendant aided in violating the plaintiff's copyrights.[92] Judge Pratter also noted that the plaintiff provided no evidence of its lost profits, the defendant's financial gain, or the value of the copyrights. Therefore, Judge Pratter concluded that the plaintiff "failed to provide . . . any evidence supporting an award of damages greater than the statutory minimum."[93] And in awarding the statutory minimum, Judge Pratter found that the amount was sufficient to deter future violations by the defendant or others.[94]

Also in October 2014, in *Elf-Man, LLC v. C.G. Chinque Albright*[95] and *Thompsons Film, LLC v. Athias*,[96] District Judge Thomas O. Rice from the Eastern District of Washington considered the following factors in determining a just award of statutory damages:

---

[90] No. 13-5897, 2014 WL 5410170, *4 (E.D. Pa. Oct. 24, 2014).

[91] *Id.*

[92] *Id.*

[93] *Id.*

[94] *Id.*

[95] No. 13-cv-0115-TOR, 2014 WL 5543845 (E.D. Wash. Oct. 31, 2014).

[96] No. 13-cv-0126-TOR, 2014 WL 5543900 (E.D. Wash. Oct. 31, 2014).

> [(1)] the amount of money requested in relation to the seriousness of the defendant's conduct, [(2)] whether large sums of money are involved, and [(3)] whether the recovery sought is proportional to the harm caused by defendant's conduct.[97]

Judge Rice rejected the plaintiff's request for $30,000 in statutory damages for the infringement of a single movie.[98] Judge Rice found the requested amount excessive where the evidence "merely show[ed] that each [d]efendant copied and published via BitTorrent [the p]laintiff's motion picture—the cost of which to rent or purchase was less than $20—rather than distributed for commercial resale."[99] Judge Rice also found unpersuasive the plaintiff's argument that "the remote damages—'downstream revenue' and destroyed plans for a sequel due, in part, to piracy justified [the requested] award . . . even in light of the statute's goal of deterrence."[100] Instead, Judge Rice concluded that the plaintiff failed to make a "showing justifying damages in excess of the statutory minimum."[101]

The Western District of Washington has also viewed similar factors as particularly relevant in determining the just amount of statutory damages to award against defaulted defendants. In October 2016, in *Qotd Film Investment Ltd. v. Starr*, District Judge Robert S. Lasnik awarded $750 in statutory damages per work, rather than the $2,500 sought by the plaintiff.[102] Judge Lasnik recognized the theft of intellectual property "is of concern," but found the defendant's participation in a BitTorrent swarm was "a relatively minor infraction causing relatively minor injury."[103] "Copyright violations come in all shapes and sizes, from the

---

[97] *Elf-Man, LLC*, 2014 WL 5543845, *6 (internal quotations omitted).

[98] *Id.* *5.

[99] *Id.*

[100] *Id.* *7.

[101] *Id.*

[102] No. C16-0371 RSL, 2016 WL 5817027 (W.D. Wash. Oct. 5, 2016).

[103] *Id.* *3.

unauthorized copying of a Halloween word puzzle for a child's party to the unauthorized

manufacture and sale of hundreds of thousands of bootleg copies of an album."[104] Judge Lasnik

determined that a $750 award, which "may be recovered by garnishing [the defendant's] wages

and/or seizing and selling [the defendant's] non-exempt property . . . is a steep penalty for having

been too lazy to go to the local Redbox or too cheap to pay a few dollars for an authorized

download."[105] Judge Lasnik also determined that if "the threat of such an award is not having a

deterrent effect [on others] (a fact which [the] plaintiff ma[de] no effort to prove), it is most

likely because the chances of prosecution are too low rather than that the amount of the damage

award is of no consequence."[106]

    In 2016, District Judge Catherine C. Blake from the District of Maryland identified a set

of six relevant factors, which were drawn from the factors considered by other courts:

> (1) whether the defendant was the original provider of the infringed content to its
> distribution network; (2) whether, and how much, the defendant profited or saved
> in connection with the infringement; (3) the plaintiff's actual losses; (4) whether
> the plaintiff's request would result in a "windfall"; (5) the deterrent effect of
> statutory damages; and (6) the defendant's willfulness and intent in infringing the
> plaintiff's protected content.[107]

Judge Blake applied these factors finding that the plaintiff presented no evidence the defendant

was the original provider of the plaintiff's work or profited from the infringement (other than

saving money on the cost of a monthly or annual subscription to an Internet streaming service),

and no evidence of the plaintiff's actual damages.[108] In the absence of such evidence, Judge

---

[104] *Id.*

[105] *Id.*

[106] *Id.*

[107] *Malibu Media, LLC v. Redacted*, No. CCB-15-1700, 2016 WL 245235, *2 (D. Md. Jan. 21, 2016) (citing *Malibu Media, LLC v. Flanagan*, No. 2:13-cv-5890, 2014 WL 2957701, *4 (E.D. Pa. July 1, 2014) (factors 1, 2, 3, and 5); *Goodrich*, 2013 WL 6670236, *11 (factor 6); *Malibu Media v. Brenneman*, No. 3:13-cv-00332-PPS-CAN, 2013 WL 6560387, *2-3 (N.D. Ind. Dec. 13, 2013) (factors 3, 4, and 5)).

[108] *Id.*

Blake found that the $1,500 per work award requested by the plaintiff would result in a windfall.[109] Judge Blake also found that the statutory minimum of $750 per work was sufficient to deter further violations.[110] Additionally, Judge Blake recognized that the defendant's willfulness in using BitTorrent protocols could be inferred from the plaintiff's allegations, but the extent and nature of the willfulness was unknown from available evidence.[111] Judge Blake determined that the defendant's willfulness did not warrant an increase in the amount of statutory damages, and concluded that an award of the $750 statutory minimum per work was just.[112] Judge Blake's analysis has since been adopted and consistently applied by other District Judges in the District of Maryland to award statutory damages in the amount of $750 per work against defaulted defendants.[113]

By 2017, a majority of courts that applied factors similar to those identified by Judge Blake, or that determined the reasonableness of a requested award based on precedent and the evidence a plaintiff presented (without giving deference to the plaintiff's request), awarded the $750 statutory minimum per work against defaulted defendants.[114] And since 2017, a nationwide

---

[109] *Id.*

[110] *Id.*

[111] *Id.*

[112] *Id.*

[113] *Malibu Media, LLC v. Redacted*, 2016 WL 3668034, at *3 (D. Md. July 11, 2016); *Malibu Media, LLC v. Doe*, 2019 WL 7293399 (D. Md. Dec. 27, 2019); *Malibu Media, LLC v. Doe*, 2020 WL 2395607, at *3 (D. Md. May 11, 2020).

[114] *Cui*, 2014 WL 5410170; *Elf-Man, LLC*, 2014 WL 5543845; *Thompsons Film, LLC*, 2014 WL 5543900; *Malibu Media, LLC v. Funderberg*, No. 1:13-cv-02614, 2015 WL 1887754 (N.D. Ill. Apr. 24, 2015); *Griggs*, 2015 WL 3822846; *Caswell*, 2015 WL 3822904; *Malibu Media, LLC v. Powell*, No. 1:15-cv-1211, 2016 WL 26068 (M.D. Pa. Jan. 4, 2016); *Malibu Media, LLC v. Ramiscal*, No. 14-7517, 2016 WL 8698533 (D. N.J. Feb. 19, 2016); *Redacted*, 2016 WL 245235; *Redacted*, 2016 WL 3668034; *Starr*, 2016 WL 5817027; *Cobbler Nevada, LLC v. Inglesias*, No. 15-cv-05313-EDL, 2016 WL 8453643 (N.D. Cal. Dec. 16, 2016); *ME2 Prods., Inc. v. Pumeras*, No. 17-00078 SOM/RLP, 2017 WL 4707015 (D. Haw. Oct. 19, 2017); *Cook Prods., LLC v. Szerlip*, No. 16-00637 HG/KSC, 2017 WL 4883220 (D. Haw. Oct. 30, 2017); *ME2 Prods., Inc. v. Pagaduan*, No. 17-00130 SOM/KJM, 2017 WL 8786920 (D. Haw. Dec. 29, 2017).

18

trend of awarding the minimum statutory damages per work against defaulted defendants has emerged.[115]

Outliers to this trend still exist. However, a review of cases that have not followed the current trend reveals: reliance on pre-2017 trends in awards;[116] deference to the amount of the plaintiff's requested award despite a lack of supporting evidence;[117] no review of precedent for trends in awards;[118] no review of precedent for relevant factors to consider;[119] consideration of factors that are not relevant to a defendant that is in default, such as cooperation in providing evidence;[120] and placing increased emphasis on the defendant's lack of participation in the litigation and the defendant's inferred willfulness.[121] These outlier cases are not persuasive for

---

[115] *ME2 Prods., Inc. v. Ahmed*, 289 F. Supp. 3d 760 (W.D. Va. 2018); *UN4 Prods., Inc. v. Primozich,* 372 F. Supp. 3d 1129 (W.D. Wash. 2019); *Headhunter, LLC v. Doe 1*, No. C17-0987JLR, 2018 WL 3135853 (W.D. Wash. June 27, 2018); *Malibu Media, LLC v. Smith*, No. 1:18-cv-372, 2019 WL 414916 (M.D. Pa. Feb. 1, 2019); *Malibu Media, LLC v. Bayko,* No. 1:18-cv-964, 2019 WL 414917 (M.D. Pa. Feb. 1, 2019); *Malibu Media, LLC v. Escobar*, No. H-18-1042, 2019 WL 1003391 (S.D. Tex. Feb. 28, 2019); *UN4 Prods., Inc. v. Omelco*, No. C17-0786RSL, 2019 WL 1200520 (W.D. Wash. Mar. 14, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-01173-TSH, 2019 WL 1277561 (N.D. Cal. Mar. 20, 2019); *Malibu Media, LLC v. Zhao*, No. H-18-3020, 2019 WL 3202340 (S.C. Tex. July 16, 2019); *Malibu Media, LLC v. Einkauf*, No. H-18-3450, 2019 WL 3202346 (S.D. Tex. July 16, 2019); *Hunter Killer Prods., Inc. v. Galios*, No. 19-00327 JAO-KJM, 2019 WL 7822503 (D. Haw. Dec. 19, 2019); *Doe*, 2019 WL 7293399; *Malibu Media v. Doe*, No. 18-cv-14037, 2020 WL 134112 (E.D. Mich. Jan. 13, 2020); *Doe*, 2020 WL 2395607; *Malibu Media, LLC v. Baker*, No. 18-cv-3263 (JGK) (BCM), 2020 WL 3978302 (S.D. N.Y. June 18, 2020).

[116] *Criminal Prods., Inc. v. Rodriguez*, No. 2:17-cv-3375, 2018 WL 2718243, *2 (E.D. Pa. June 6, 2018); *Malibu Media, LLC v. Doe*, 2020 WL 2736723, *4 (E.D. N.Y. Apr. 7, 2020); *Malibu Media, LLC v. Doe*, No. 18-cv-0055 (DRH) (SIL), 2020 WL 2770921, *4 (E.D. N.Y. Apr. 20, 2020); *Malibu Media, LLC v. Doe*, No. 17-cv-6914 (JMA) (SIL), 2020 WL 4573978, *4 (E.D. N.Y. June 22, 2020); *Malibu Media, LLC v. Doe*, No. 17-cv-6916 (JMA) (SIL), 2020 WL 4573981, *4 (E.D. N.Y. June 23, 2020).

[117] Judgment, Permanent Injunction and Award of Attorney Fees as to Certain Defendants ("ME2 D. Utah Default Judgment"), ECF No. 56 in *ME2 Prods., Inc. v. Does 1-26*, No. 2:17-cv-00663-DN (D. Utah), filed Nov. 13, 2018; *Doe*, 2020 WL 2736723, *4; *Doe*, 2020 WL 2770921, *4; *Doe*, 2020 WL 4573978, *4; *Doe*, 2020 WL 4573981, *4; *Malibu Media, LLC v. Sanders*, No. 18 Civ. 8694 (PGG) (KHP), 2020 WL 5057350, *3 (S.D. N.Y. Aug. 27, 2020).

[118] *Bodyguard Prods. v. Does 1-25*, No. 2:18-cv-00026-TC, 2018 WL 5849473, *4 (D. Utah Nov. 8, 2018); ME2 D. Utah Default Judgment; *Sanders*, 2020 WL 5057350, *3.

[119] *Bodyguard Prods.*, 2018 WL 5849473, *4; ME2 D. Utah Default Judgment.

[120] *Doe*, 2020 WL 2736723, *3; *Doe*, 2020 WL 2770921, *3; *Doe*, 2020 WL 4573978, *3; *Doe*, 2020 WL 4573981, *4; *Sanders*, 2020 WL 5057350, *3.

[121] *Bodyguard Prods.*, 2018 WL 5849473, *4; *Doe*, 2020 WL 2736723, *3-4; *Doe*, 2020 WL 2770921, *3-4; *Doe*, 2020 WL 4573978, *3-4; *Doe*, 2020 WL 4573981, *4; *Sanders*, 2020 WL 5057350, *3.

the same reasons that Plaintiff's cited cases and other cases from 2012-2017 were not persuasive. [122]

Rather, the six relevant factors identified by Judge Blake [123] and the analysis within the authorities that lead to and have followed the nationwide trend of awarding the $750 statutory minimum per work against defaulted defendants are persuasive. [124] The factors identified by Judge Blake [125] and the analysis of these cases will be applied in this case.

**Application of the relevant factors to the circumstances of this case demonstrates that an award of the $750 statutory minimum in damages against Defendant is just**

"Statutory damages 'serve both compensatory and punitive purposes' so as 'to sanction and vindicate the statutory policy of discouraging infringement.'" [126] The following six factors are helpful in determining the just amount of statutory damages to award against Defendant:

> (1) whether the defendant was the original provider of the infringed content to its distribution network; (2) whether, and how much, the defendant profited or saved in connection with the infringement; (3) the plaintiff's actual losses; (4) whether the plaintiff's request would result in a "windfall"; (5) the deterrer effect of statutory damages; and (6) the defendant's willfulness and intent in infringing the plaintiff's protected content. [127]

Applying these factors to the circumstances of this case demonstrates that Plaintiff's request for an award of $10,000 in statutory damages against Defendant is excessive. Instead, an award of the $750 statutory minimum in damages against Defendant is just.

---

[122] *Supra* Discussion at 5-14.

[123] *Id*. at 17, n.107.

[124] *Id*. at 18-19, ns.114-115.

[125] *Id*. at 17, n.107.

[126] *Pumeras*, 2017 WL 4707015, *2 (quoting *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)).

[127] *Redacted*, 2016 WL 245235, *2.

*Whether the defendant was the original provider of the infringed content to its distribution network*

Plaintiff alleges that Defendant infringed Plaintiff's copyrighted motion picture by participating in a BitTorrent swarm.[128] However, there are no allegations or evidence that Defendant was an original provider of a seed file for the motion picture. There is also no allegation or evidence regarding the number of participants in the swarm (other than Defendants identified in this case), or how many of the participants actually downloaded the files from Defendant's computer or server. On this record, this factor does not favor an award of statutory damages that is greater than the statutory minimum.

*Whether, and how much, the defendant profited or saved in connection with the infringement*

Plaintiff alleged in generalized terms that the BitTorrent model and participants in BitTorrent swarms can profit from infringing activities.[129] Plaintiff also vaguely alleges that Defendant's IP address is associated with "significant infringing activity" and "the exchange of one or more other titles through peer-to-peer networks."[130] However, there are no specific allegations or evidence regarding the extent of Defendant's use of BitTorrent protocols to infringe copyrighted works. There are also no specific allegations or evidence regarding the extent of Defendant's profits or savings from the infringing activity. At most, it is reasonable to infer that Defendant saved only in the value of legally renting or buying a copy of Plaintiff's motion picture (presumably, less than $30). On this record, this factor does not favor an award of statutory damages that is greater than the statutory minimum.

---

[128] Complaint ¶¶ 4, 15-20, 26, 28-29, 42-46.

[129] *Id*. ¶¶ 4, 33-35.

[130] *Id*. ¶ 14.

*The plaintiff's actual losses*

Plaintiff alleges its motion picture is a professional work that has "significant value."[131] Plaintiff also asserts that Defendant's infringing activity caused Plaintiff "significant harm."[132] But Plaintiff does not allege or present any evidence regarding its actual losses from illegal peer-to-peer sharing of its motion picture in general, or from the particular swarm in which Defendant participated. Plaintiff also does not allege or present any evidence regarding downstream revenue losses. At most, it is reasonable to infer that Plaintiff's actual losses are the value it would have received had Defendant (and other defendants in this and other known infringement cases involving the motion picture) legally rented or bought the motion picture. On this record, this factor does not favor an award of statutory damages that is greater than the statutory minimum.

*Whether the plaintiff's request would result in a "windfall"*

There is a lack of allegations and evidence regarding the value of Plaintiff's copyright in the motion picture; Plaintiff's actual losses; and the extent to which Plaintiff's motion picture has been illegally shared through peer-to-peer networks in general (other than in this and other known infringement cases involving the motion picture) and the particular swarm in which Defendant participated. It is reasonable to infer that Plaintiff's actual losses are the value it would have received had Defendant (and the other defendants in this and other known infringement cases involving the motion picture) legally rented or bought the motion picture. Therefore, it is also reasonable to infer that awarding Plaintiff an amount greater than the statutory minimum against Defendant would result in a windfall.

---

[131] *Id.* ¶ 11.

[132] Motion at 8.

*The deterrent effect of statutory damages*

Plaintiff focuses almost exclusively on deterrence in arguing for an award of $10,000 in statutory damages against Defendant.[133] In doing so, Plaintiff points to Congress's 1999 increase to the maximum amount of statutory damages available for willful infringement as showing recognition of the threat posed by digital peer-to-peer file sharing and a purpose of deterring such infringing activity.[134] Plaintiff also asserts (without citation to legal authority or evidence) that "[i]nfringement via BitTorrent continues to grow" and "[t]he practice has become so common place that it is disregarded and shrugged off as an insignificant part of our everyday life."[135] Plaintiff argues that it is logistically impossible for it to pursue every infringer of its motion picture, and "the only way to deter future infringement is to set an immediate example" through a substantial award against Defendant.[136]

Plaintiff may be correct that awarding a greater amount of statutory damages will have a greater deterrent effect on other potential infringers. But that is not the sole focus of the deterrence factor and will not necessarily result in an award of statutory damages being just. The deterrence factor encompasses the effect an award will have on the defendant, as well as on others. Judge Lasnik's analysis best describes a balancing of these considerations for defendants that are not original seeders or serial infringers, and is worth repeating:

> [R]ecovery of $750 for participating in a BitTorrent swarm is appropriate. This award is in line with the awards made by other courts . . . and appears adequate to deter [the defendant] from infringing on plaintiff's copyright in the future. . . . [A] higher award is [not] appropriate simply because certain members of the BitTorrent community are not impressed by a $750 award against someone they do not know. The judgment entered in the case, including statutory damages,

---

[133] Motion at 8-10.

[134] *Id.* at 9 (citing *Digital Theft Deterrence and Copyright Damages Improvement Act of 1999*, P.L. No. 106-160, § 2, 113 Stat. 1774 (1999)).

[135] *Id.* at 10.

[136] *Id.* at 9.

attorney's fees, and costs, may be recovered by garnishing [the defendant's] wages and/or seizing and selling [the defendant's] non-exempt property. This is a steep penalty for having been too lazy to go to the local Redbox or too cheap to pay a few dollars for an authorized download. If the threat of such an award is not having a deterrent effect (a fact which plaintiff makes no effort to prove), it is most likely because the chances of prosecution are too low rather than that the amount of the damage award is of no consequence to the judgment debtor.[137]

There is no allegation or evidence that Defendant in this case was an original provider of a seed file for the motion picture. There are no specific allegations or evidence regarding the extent of Defendant's use of BitTorrent protocols to infringe copyrighted works. And there are no allegations or evidence regarding the extent to which Plaintiff's motion picture has been illegally shared through peer-to-peer networks in general (other than this and other known infringement cases involving the motion picture) and the particular swarm in which Defendant participated. On this record, a $750 award in statutory damages carries a sufficient deterrent effect on Defendant's future infringing activities, as well as on other potential infringers. This amount is at least 25 times the amount it would cost to rent or buy Plaintiff's motion picture legally.[138] And it is consistent with the nationwide trend in awarding minimum statutory damages against defaulted defendants.[139] Awarding a greater amount of statutory damages in this case to set an example and have the potential for a greater deterrent effect on other potential infringers would not be just under the circumstances.

*The defendant's willfulness and intent in infringing the plaintiff's protected content*

Plaintiff argues that an award of $10,000 in statutory damages is justified because Defendant willfully infringed Plaintiff's copyright in the motion picture.[140] The allegations in

---

[137] *Starr*, 2016 WL 5817027, *3.

[138] Plaintiff has made no allegations and presented no evidence regarding the cost to rent or buy its motion picture legally, so this calculation assumes the cost is less than $30.

[139] *Supra* Discussion at 14-20.

[140] Motion at 8-10.

Plaintiff's Complaint are sufficient to allow an inference that Defendant willfully participated in a BitTorrent swarm to infringe Plaintiff's copyright.[141] However, while the theft of intellectual property "is of concern," participation in a BitTorrent swarm is "a relatively minor infraction causing relatively minor injury."[142] And despite willfulness being inferred, the extent and nature of Defendant's willfulness is unknown from Plaintiff's allegations and available evidence.[143] Plaintiff has provided little factual detail regarding Defendant's intentions and personal actions.[144] There is no evidence that Defendant was an original seeder of Plaintiff's work and no evidence of how many others Defendant aided in violating Plaintiff's copyright. On this record, the inference of Defendant's willfulness does not justify increasing the amount of Plaintiff's award of statutory damages beyond the $750 statutory minimum.

*Consideration of the factors collectively and the circumstances of this case*

Ultimately, considering the relevant factors collectively, along with all the circumstances of this case, an award of the $750 statutory minimum in damages against Defendant is just. This award adequately serves the compensatory and punitive purposes of statutory damages to sanction Defendant and vindicates the statutory policy of discouraging future infringement.[145] This award is also consistent with the nationwide trend in awarding minimum statutory damages against defaulted defendants.[146]

---

[141] Complaint ¶¶ 13-20, 26-29, 42-46.

[142] *Starr*, 2016 WL 5817027, *3.

[143] *Redacted*, 2016 WL 245235, *2.

[144] *Cui*, 2014 WL 5410170, *4.

[145] *Pumeras*, 2017 WL 4707015, *2.

[146] *Supra* Discussion at 14-20.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[147] is GRANTED in part and DENIED in part. Default judgment shall enter in favor of Plaintiff and against Defendant. The default judgment shall include an award to Plaintiff of $750 in statutory damages against Defendant and a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright in the motion picture *London Has Fallen*. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees, the amount of which shall be determined by subsequent motion.

IT IS FURTHER ORDERED that any motion for attorney's fees must be filed within 14 days after the default judgement's entry.

The Clerk is directed to close the case.

Signed October 28, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[147] Docket no. 96, filed June 29, 2020.