IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LHF PRODUCTIONS, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>ALEJANDRA GONZALES, et al.,<br><br>                           Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br><br>Case No. 2:17-cv-00103-DN<br><br>District Judge David Nuffer |

       The October 28, 2020 Memorandum Decision and Order Granting in part and Denying in part Motion for Default Judgment determined that Plaintiff is entitled to an award of its reasonable attorney's fees against Defendant Amanda Steel ("Defendant Steel").[1] Plaintiff timely filed a Motion for Attorney's Fees on November 11, 2020,[2] requesting an award of $1,432.10 in attorney's fees against Defendant Steel.[3] To support the requested award, Plaintiff filed a declaration of its counsel Todd E. Zenger ("Counsel's Declaration").[4] On November 16, 2020, Plaintiff was directed to supplement Counsel's Declaration with documentation supporting the asserted work performed and billable attorney and legal assistant hours attributable to Defendant Steel.[5] Over seven months have now passed since this directive and Plaintiff has not filed a supplement to Counsel's Declaration.

---

[1] Docket no. 101, filed Oct. 28, 2020.

[2] Motion for Attorney's Fees as to Defaulted Defendant(s) ("Motion for Attorney's Fees"), docket no. 102, filed Nov. 11, 2020.

[3] *Id*. at 2.

[4] Declaration in Support of Motion for Attorney's Fees as to Defaulted Defendant(s) ("Counsel's Declaration"), docket no. 103, filed Nov. 11, 2020.

[5] Email from Chambers to Plaintiff's Counsel dated Nov. 16, 2020, docket no. 104, filed Nov. 16, 2020.

Because Plaintiff failed to present sufficient evidence to support the amount of work performed and billable attorney and legal assistant hours attributable to Defendant Steel, a reasonable award of attorney's fees cannot be adequately determined. Therefore, Plaintiff's Motion for Attorney's Fees[6] is DENIED.

## DISCUSSION

To determine a reasonable attorney's fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[7] Factors for determining the reasonableness of the hours billed for a given task or to prosecute the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[8]

Attorney billing hours may be reduced if "the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant[,] and duplicative."[9] Reduction is also justified "if the attorney's time records are sloppy and imprecise and fail to document adequately how [the attorney] utilized large blocks of time."[10] There is no requirement that each disallowed hour be identified and justified.[11] Nor is there any requirement to specify the number of hours permitted for each legal task.[12] Instead, a method of general reduction to the hours asserted may

---

[6] Docket no. 102, filed Nov. 11, 2020.

[7] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[8] *Id*. at 1250.

[9] *Id*. (internal quotations and punctuation omitted).

[10] *Id*. (internal quotations omitted).

[11] *Id*.

[12] *Id*.

be implemented in order to achieve a reasonable number, "so long as there is sufficient reason for [the method's] use."[13]

Plaintiff requests an award of $1,432.10 in attorney's fees against Defendant Steel.[14] The requested award's amount includes work performed and hours billed, which solely attributable to Defendant Steel.[15] It also includes Defendant Steel's pro-rata share of the combined work performed and hours billed for all defendants in the case.[16] This approach to attributing attorney's fees in a multiple-defendant case—where work performed is applicable to more than one defendant—is permissible. However, Counsel's Declaration does not sufficiently support the asserted work performed and hours billed.

Counsel's Declaration does not include itemized billing entries. Rather, it includes two entries for attorney work and hours and two entries for legal assistant work and hours.[17] These entries are broken into two categories: one for work and hours relating to all defendants in the case;[18] and one for work and hours relating to only Defendant Steel.[19] And each entry identifies a large block of time and lists all work performed by counsel or his legal assistant for the category.[20] For example, one entry identifies 10 hours billed for the following work of counsel:

> Analyze infringement data to select potential defendants for new case; formulate Arheidt Declaration in support of Complaint and motion for expedited discovery; prepare exhibit to Arheidt Declaration; transmit Arheidt Declaration for signing; review executed Arheidt Declaration; draft, review and finalize Complaint; prepare exhibits to Complaint; coordinate preparation of civil cover sheet;

---

[13] *Id.* (internal quotations and punctuation omitted).

[14] Motion for Attorney's Fees at 2.

[15] Counsel's Declaration ¶¶ 12-13 at 3-5.

[16] *Id.*

[17] *Id.*

[18] *Id.* ¶ 12 at 3-4.

[19] *Id.* ¶ 13 at 4-5.

[20] *Id.* ¶¶ 12-13 at 3-5.

coordinate filing of Complaint and payment of $400 filing fee; review judge assignment; draft and revise notice of related cases  and motion to transfer case and coordinate filing; draft and finalize motion for expedited ISP discovery; coordinate filing of motion and Arheidt Declaration; review order granting ISP discovery; coordinate preparation of subpoenas on defendant's Internet Service Provider (ISP, approve subpoenas and coordinate service of subpoenas; review written responses of ISP; draft motion for additional time for service in light of ISP delay in responding[.][21]

And one entry identifies 40 hours billed for the following work of counsel's legal assistant:

Populate case data with selected defendant data; assist with preparation and filing of complaint, civil cover sheet and payment of filing fee; assist with motion to transfer case; assist with motion to expedite discovery including filing Arheidt declaration; assist with preparation of subpoenas to Internet Service Provider; update case date base with defendant information received from ISP; assist with notice letters; prepare status date of all defendant for scheduling conference; assist with preparation of status report for all defendants[.][22]

By lumping together all work performed in this manner, there is no way to evaluate the reasonableness of the time expended and billed for a particular task without the underlying data from counsel's billing records or software. This is problematic for determining the overall reasonableness of the asserted work performed and hours billed based on the circumstances surrounding this case.

This case involves claims of copyright infringement.[23] Plaintiff alleges that unauthorized copies of its copyrighted work, *London Has Fallen*, were made via use of a BitTorrent protocol at certain IP addresses.[24] The case is one of several similar cases filed by Plaintiff and Plaintiff's counsel in the District of Utah. In total, Plaintiff's counsel has filed 76 similar cases—23 of which were filed on behalf of Plaintiff regarding *London Has Fallen*.

---

[21] *Id*. ¶ 12 at 3.

[22] *Id*. ¶ 13 at 4.

[23] Amended Complaint for Copyright Infringement and Jury Demand, docket no. 85, filed Dec. 16, 2019.

[24] *Id*. ¶¶ 4, 13, 20-21, 26, 41-43.

Each of these cases—including this case—followed the same general pattern. The plaintiff filed a complaint against Doe Defendants identified only by an IP address. The plaintiff then filed a motion for expedited discovery to obtain the names and addresses of the IP addresses' subscribers from their internet service providers. Subpoenas issued to the internet service providers, who respond by providing the subscribers' identifying information. The plaintiff then served the subscribers and attempted to negotiate a resolution. The plaintiff's claims against the vast majority of the subscribers resolved through voluntary dismissal, consent judgment, or default judgment.

The amount of legal work necessary to investigate, identify, locate, and serve the multitude of defendants in these cases is real. However, the pleading and motion practice are formulaic, requiring little or no substantive alteration to template documents used by counsel. The only differences between the counsel's filings in these cases are the caption, the subscriber or defendant's identifying information, and references to the appropriate docket and service and filing dates. Because of this, the amount of time that counsel or his legal assistant purportedly spent working on a particular task for this case becomes particularly relevant to the reasonableness determination.

To avoid awarding attorney's fees in this case that are duplicative of those in counsel's 75 other similar copyright infringement cases, it is imperative to review the underlying data from counsel's billing records or software for this case. This is not meant to suggest that Counsel's Declaration inflates the raw time it took to perform the various legal tasks in this case. Rather, the issue is the evidentiary threshold for supporting the asserted work performed and hours billed in this case to enable a reasonableness determination. Part of such determination is the assessment of counsel's billing judgment in the context of an attorneys' fees award. "Because

not all hours expended in litigation are normally billed to a client, [counsel] should exercise billing judgment with respect to a claim of the number of hours worked."[25] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."[26]

Based on the complexity of this case, the work performed and the record, and that this is one of 76 similar cases where counsel has exhibited use of templates, the manner in which Counsel's Declaration identifies the work performed and hours billed is insufficient to allow for a reasonableness determination to be made. Plaintiff was given the opportunity to supplement Counsel's Declaration and provide the underlying data that would permit such a determination.[27] But Plaintiff failed to do so. Because Plaintiff failed to present sufficient evidence to support the amount of work performed and billable attorney and legal assistant hours attributable to Defendant Steel, a reasonable award of attorney's fees cannot be adequately determined.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees[28] is DENIED.

Signed June 2, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[25] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (internal quotations omitted).

[26] *Case*, 157 F.3d at 1250.

[27] Email from Chambers to Plaintiff's Counsel dated Nov. 16, 2020.

[28] Docket no. 102, filed Nov. 11, 2020.